ORDERED PUBLISHED

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   OR-06-1065-MaHK |
| ) | |
| LONNY LARAMIE MCGEE, JR. ) | Bk. No.   05-60428 |
| ) | |
| Debtor. ) | Adv. No.  05-06082 |
| _____ ) | |
| CASHCO FINANCIAL SERVICES, ) | |
| INC., ) | |
| ) | |
| Appellant,) | **O P I N I O N** |
| ) | |
| v. ) | |
| ) | |
| LONNY LARAMIE MCGEE, JR.; ) | |
| RONALD R. STICKA, Trustee; ) | |
| UNITED STATES TRUSTEE, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on June 22, 2006
at Portland, Oregon

Filed - December 6, 2006

Appeal from the United States Bankruptcy Court
for the District of Oregon

Honorable Albert E. Radcliffe, Bankruptcy Judge, Presiding.

_____

Before:  MARLAR, HOLLOWELL[1] and KLEIN, Bankruptcy Judges.

_____

    [1]  Hon. Eileen W. Hollowell, United States Bankruptcy Judge
for the District of Arizona, sitting by designation.

MARLAR, Bankruptcy Judge:

### **INTRODUCTION**

Following a default prove-up hearing concerning the nondischargeability of a $715 loan debt, the bankruptcy court denied the plaintiff-lender's motion for entry of a default judgment, ruled the debt to be discharged, and dismissed the adversary proceeding.

On appeal, the lender maintains only that, where a <u>prima facie</u> case had been pled, the bankruptcy court erred in refusing to enter default judgment on the amended complaint. We hold that the bankruptcy court did not abuse its discretion in requiring proof of the material facts and in refusing to enter default judgment when such facts were not established. We AFFIRM.

### **FACTS**

Lonny Laramie McGee, Jr. ("Debtor") filed a voluntary chapter 7[2] petition on January 21, 2005.

In his bankruptcy schedules, Debtor listed a $715 loan debt to Cashco Financial Services, Inc. ("Cashco"). On November 24, 2004, Debtor had executed an "Installment Loan Note and Security

---

[2]  Unless otherwise indicated, all "section," "chapter," and "Code" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, as promulgated before its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005), and "rule" references are to the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), Rules 1001-9036, which incorporate certain Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

-2-

Agreement" ("Note") with Cashco, which called for eight monthly payments of $148.99, beginning December 24, 2004, a finance charge of $541.92 (190.37 percent per annum), and total payments of $1,191.92.

Cashco filed a timely complaint and amended complaint to determine this debt to be nondischargeable. The amended complaint asserted a cause of action consistent with § 523(a)(2)(B) by alleging a debt for money obtained by Debtor's use of a materially false written statement respecting his financial condition, with intent to deceive, and upon which the creditor "reasonably relied."[3] These allegations were:

-- in connection with an installment loan agreement ("Exhibit 1"), Debtor had signed a credit application.[4] Amended Compl. ¶ 5, June 15, 2005.

-- the credit application, at ¶ 5, contained the following statement concerning Debtor's financial condition:

---

[3] The bankruptcy court may except a debt from discharge if a debtor obtained the money by "use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive." 11 U.S.C. § 523(a)(2)(B).
Although Cashco did not specify which subsection of § 523(a)(2) it asserted had been violated, the allegations add up to the essential elements of § 523(a)(2)(B).

[4] The credit application has not been included in the excerpts of record on appeal. Nor is it apparent that it was before the bankruptcy court, taking judicial notice of the docket. O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989). Nevertheless, there was no objection on these grounds nor is there any requirement that the actual written statement be in the record.

-3-

The undersigned hereby certify that the information in this application is true and complete, warrant that we have no debts or financial obligations not stated herein, and recognize the penalties and defenses resulting from giving a false statement of financial condition hereon may be illegal and fraudulent and may be the basis for denying a discharge in bankruptcy. <u>I further state that I am not contemplating bankruptcy at this time.</u>"

Id. ¶ 6 (emphasis in original).

-- Debtor represented that he "had sufficient funds to pay the loan in full." Id. ¶ 8.1

-- Debtor's representation alleged in ¶ 8.1 was knowingly false and that "in truth and fact: . . . [he] did not have sufficient funds to pay for the loan. . . ." Id. ¶ 9.1

-- "[Cashco] believed and reasonably relied upon the aforesaid representations . . . ." Id. ¶ 10.

Cashco also sought a money judgment for $1,395.05, which sum included prejudgment interest, costs, and attorney's fees in addition to the $715 loan.

Cashco requested entry of default and of default judgment after Debtor did not answer either the complaint or the amended complaint. See Fed. R. Civ. P. 55, incorporated by Fed. R. Bankr. P. 7055. The bankruptcy court set a hearing, giving notice that "testimony may be received" on the questions of default and default judgment.

-4-

1    Cashco's attorney appeared only telephonically at the hearing

2  on October 5, 2005, and was not prepared to present witness

3  testimony or other admissible evidence.[5]

4    At the hearing, the bankruptcy court ruled that entry of

5  default was appropriate but expressed concern about whether

6  default judgment was warranted in light of the contradiction

7  between, on the one hand, the assertion in the amended complaint

8  that Cashco had reasonably relied on Debtor's representations

9  regarding his financial condition in making the $715 loan and, on

10  the other hand, the 190.37 percent annual interest rate disclosed

11  in Exhibit 1 to the amended complaint.

12    On the record as presented, the bankruptcy court noted that,

13  although Cashco had pled the necessary elements of the <u>prima facie</u>

14  case, the evidence concerning whether it had relied on Debtor's

15  misrepresentations was contradictory and "capable of more than one

16  reasonable inference."  Tr. of Proceedings 5:21, Oct. 5, 2005.  It

17  explained, in relevant part:

18          In reviewing the evidence in this case, the evidence
         is somewhat contradictory. . . . I note that there's an
19          interest rate of over 190 percent.

20          The plaintiff indicates it relied on the defendant's
         representations that they would not file bankruptcy.
21          However, when an interest rate that high is being charged,
         there's also an inference that can be drawn from the
22          evidence that the plaintiff knew they were lending to a
         very high-risk debtor who might well be insolvent, who
23          might well file bankruptcy.

24          And that, in part, justifies that type of an interest
         rate because it is a high-risk loan.  I think at least the
25

26          [5]  Cashco made an oral motion for a continuance, which the
     court denied.  That ruling has not been challenged in this appeal.
27  Accordingly, any issue in that respect has been waived.  <u>See,</u>
     <u>e.g.</u>, <u>Burnett v. Resurgent Capital Servs. (In re Burnett)</u>, 435
28  F.3d 971, 976-77 (9th Cir. 2006).

                              -5-

element of justifiable reliance[6] is called into question here.

Id. at 3:21-22; 4:2-14.

Therefore, the bankruptcy court concluded that, without additional testimony or evidence, Cashco had not met its burden of proof under § 523(a)(2)(A), and, specifically, that it had failed to prove the necessary element of its reliance on Debtor's alleged misrepresentations. It denied the request for a default judgment and entered a judgment discharging the debt and dismissing the adversary proceeding.

Cashco filed a belated notice of appeal that was rendered timely only when the bankruptcy court retroactively extended the time for appeal, as permitted by Rule 8002(c)(2).

## **ISSUE**

The sole issue raised is whether the bankruptcy court abused its discretion when it refused to enter a default judgment in favor of Cashco based only on the prima facie allegations of the amended complaint but, instead, drew inferences from the evidence that were unfavorable to Cashco.

---

[6] The bankruptcy court's reference to "justifiable" reliance is confusing since it did not distinguish between subsections (a)(2)(A) or (a)(2)(B). Section 523(a)(2)(B) requires the more demanding standard of proof of a creditor's "reasonable" reliance. See Field v. Mans, 516 U.S. 59, 77 (1995). However, Field v. Mans teaches that if the reliance is not "justifiable," then it is impossible for the reliance to have been "reasonable." 516 U.S. at 66-77. Therefore, the application of justifiable reliance was either harmless error or a practical decision-maker's method of covering any ambiguity in the pleadings by saying that Cashco did not satisfy even the more lenient standard of § 523(a)(2)(A).

-6-

## STANDARD OF REVIEW

Denial of a default judgment is reviewed for an abuse of discretion. Quarré v. Saylor (In re Saylor), 178 B.R. 209, 212 (9th Cir. BAP 1995), aff'd, 108 F.3d 219 (9th Cir. 1997). The bankruptcy court's evidentiary rulings are also reviewed for an abuse of discretion. Latman v. Burdette, 366 F.3d 774, 786 (9th Cir. 2004). Under the abuse of discretion standard, we will not reverse the bankruptcy court unless we have a definite conviction that it committed a clear error of judgment, upon the weighing of relevant factors. Corder v. Howard Johnson & Co., 53 F.3d 225, 229 (9th Cir. 1994).

A bankruptcy court may also abuse its discretion if it does not apply the correct law or rests its decision on a clearly erroneous finding of material fact. Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.), 392 F.3d 1064, 1067 (9th Cir. 2004). A finding of fact is "clearly erroneous" if "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

## DISCUSSION

### A. Procedural Posture

Default judgments are governed by Federal Rule of Civil Procedure 55, which is made applicable to bankruptcy proceedings

-7-

by Rule 7055. To obtain a default judgment of nondischargeability of a loan debt, a two-step process is required: (1) entry of the party's default (normally by the clerk), and (2) entry of a default judgment. Fed. R. Civ. P. 55(a) and (b); Brooks v. United States, 29 F. Supp. 2d 613, 618 (N.D. Cal. 1998), aff'd mem., 162 F.3d 1167 (9th Cir. 1998). See generally 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FED. PRAC. & PROC. CIV. 3D § 2682 (Thompson/West 2006).

Cashco met the requirements for entry of Debtor's default, for the bankruptcy court stated in open court that it was prepared to sign the lodged order of default. See Tr. of Proceedings, supra, 5:17-22. However, the court was not prepared to enter the default judgment, and that is the issue before us. Id.

"[C]ontemporary procedural philosophy encourages trial on the merits," and thus, default judgments are disfavored by the law, and any doubts will usually be resolved in favor of the defaulting party. 10A FED. PRAC. & PROC. CIV. 3D, § 2681.

We first note a procedural peculiarity posed by these facts. The bankruptcy court's order consisted of both the denial of a default judgment as well as a judgment on the merits in favor of the defaulted party. The former was an interlocutory order which did not become appealable until the entry of judgment terminating the adversary proceeding as to all parties on all counts.

In this case, the final judgment that made the interlocutory order appealable ensued immediately after denial of the motion for default judgment. Although that judgment is vulnerable to criticism because Rule 55 is silent about such a disposition, there had been no opportunity for discovery, the matter was not

-8-

1  ready for trial on the merits, and there was no notice of sua

2  sponte consideration of summary judgment or dismissal, none of

3  those issues have been raised by the appellant, Cashco.

4      Since the appeal before us is solely from the denial of the

5  motion for default judgment and not from the judgment in favor of

6  Debtor, all potential procedural issues regarding the entry of

7  judgment have been waived.[7]  Thus, we are left with a situation in

8  which there was no error in the issue that was appealed and in

9  which potential error inherent in the issue that was not appealed

10  has been waived by not being designated as an issue and not being

11  briefed and argued.  To be sure, if it was error to refuse to

12  enter default judgment, then the final judgment would have to be

13  vacated; but, there case no other attack on the merits of the final

14  judgment.

15

---

16      [7] Cashco narrowly framed its appellate issue as an appeal

17  from the denial of its motion for default judgment and not from the judgment in favor of Debtor on the amended complaint.  The

18  issue, as stated by Cashco is:

19      Did the Trial Court err when it found that Plaintiff
   failed to sustain its burden of proof for justifiable

20  reliance when the Complaint made out a prima facie case
   against the Defendant for obtaining property by false

21  pretenses under 11 USC [sic] § 523(a)(2), and the
   Defendant was in default?

22  Op. Br. 1.

23      Likewise, Cashco's summary of argument limits the focus to

24  the default judgment question:

25      The Trial Court abused its discretion in not allowing
   judgment for Plaintiff when its Amended Complaint pleaded

26  a prima facie case because Plaintiff is entitled to the
   benefit of all reasonable inferences from the evidence

27  tendered, and Plaintiff's Complaint pleaded justifiable
   reliance.

28  Id., at 7-8.

    Thus, Cashco has waived any error in regard to the merits of
the final judgment.  See Doty v. County of Lassen, 37 F.3d 540,
548 (9th Cir. 1994) (by failing to brief an issue on appeal, the
appellant waives his right to raise that issue).

Moreover, it is not necessarily error to enter a dispositive order after denying a motion for default judgment.  See, e.g., Wells Fargo Bank v. Beltran (In re Beltran), 182 B.R. 820, 823 (9th Cir. BAP 1995) (propriety of dismissal following denial of default judgment); and Saylor, 178 B.R. at 212 (same).  Here, the net result of affirmance, however, comports with justice.

In summary, since we conclude that there was nothing incorrect about the refusal to enter default judgment, and since no other error is presented for review, the subsequent entry of judgment on the merits stands as entered, regardless of whether there may have been any procedural error associated with it.

## **B.   Law of Default Judgments**

The bankruptcy court has broad discretion to grant a default judgment; the plaintiff is not entitled to such judgment as a matter of right.  See Kubick v. FDIC (In re Kubick), 171 B.R. 658, 659-60 (9th Cir. BAP 1994); Saylor, 178 B.R. at 212.

The factors to be considered for entry of a default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Id. at 213 (citing Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  See also 10A FED. PRAC. & PROC. CIV. 3D, § 2685 (factors include whether there are

-10-

material issues of fact and whether the grounds for default have been clearly established).  Here, factors (2), (3), and (5), above, were relevant.

In actions involving disputes about material issues of fact, default judgments are disfavored, because a defendant who defaults may thereby be deemed to have admitted the facts cited in the complaint.  See Eitel, 782 F.2d at 1472; Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); 10A FED. PRAC. & PROC. CIV. 3D, § 2681; § 2688 ("Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief.").

However, a default is not an absolute confession of liability, for the facts alleged in the complaint may be insufficient to establish liability.  See Kubick, 171 B.R. at 660; Pitts, 321 F. Supp. 2d at 1357; 10A FED. PRAC. & PROC. CIV. 3D, § 2688 ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").[8]

Thus, "a default establishes the well-pleaded allegations of a complaint unless they are . . . contrary to facts judicially noticed or to uncontroverted material in the file."  Anderson v. Air West Inc. (In re Consol. Pretrial Proceedings in Air West Secs. Litig.), 436 F. Supp. 1281, 1285-86 (N.D. Cal. 1977)

_____

[8]  For this reason, a default judgment can be set aside or challenged on appeal.  After default judgment, "facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal. . . . However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment."  Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) (internal citations omitted); Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (citing Thomson v. Wooster, 114 U.S. 104, 114 (1885)).

-11-

(emphasis added) (citing Thomson, 114 U.S. at 114). Facts that
are not well pled include allegations that are "made indefinite or
erroneous by other allegations in the same complaint, . . .
allegations which are contrary to facts of which the court will
take judicial notice, or which are not susceptible of proof by
legitimate evidence, or which are contrary to uncontroverted
material in the file of the case." Trans World Airlines, Inc. v.
Hughes, 308 F. Supp. 679, 683 (S.D.N.Y. 1969), aff'd, 449 F.2d 51
(2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973).

It follows that a default judgment that is based solely on
the pleadings may only be granted upon well-pled factual
allegations, and only for relief for which a sufficient basis is
asserted in a complaint. See Benny v. Pipes, 799 F.2d 489, 495
(9th Cir. 1986), amended on other grounds, 807 F.2d 1514 (9th Cir.
1987); see also Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261,
1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the
pleadings, and claims which are legally insufficient, are not
established by default.").

Here, in order to succeed on its § 523(a)(2)(B) claim,
Cashco had to prove, by a preponderance of evidence:

(1)   a representation of fact by the debtor,

(2)   that was material,

(3)   that the debtor knew at the time to be false,

(4)   that the debtor made with the intention of
      deceiving the creditor,

(5)   upon which the creditor relied,

(6)   that the creditor's reliance was reasonable, [and]

(7)   that damage proximately resulted from the

-12-

representation.

Candland Ins. Co. of N. Am (In re Candland), 90 F.3d 1466, 1469
(9th Cir. 1996); cf. Grogan v. Garner, 498 U.S. 279, 291 (1991).

As noted, Field v. Mans settled the proposition that if the
reliance was not "justifiable," then it would be impossible for it
to have been "reasonable."  516 U.S. at 66-77.  Moreover,
exceptions to discharge are to be construed strictly against the
creditor and in favor of the debtor.  Klapp v. Landsman (In re
Klapp), 706 F.2d 998, 999 (9th Cir. 1983).

## C.  Scope of the Bankruptcy Court's Discretion Under Rule 55

In this appeal, Cashco contends that the bankruptcy court
found that its amended complaint had presented a prima facie case,
and should have thereupon entered default judgment in its favor.
It states: "Since the reasonable inferences had to inure to the
benefit of the Plaintiff, the Trial Court erred in finding that
Plaintiff had failed to sustain its burden of proof when the
Complaint made out a prima facie case."  Op. Br. 9.  Cashco
maintains that the bankruptcy court "had no discretion to weigh
the matters in the Complaint against the Plaintiff" or "to weigh
the reasonable inferences to the benefit of the Defendant."  Id.
We reject both propositions because the trial court is merely
permitted, and is not required, to draw inferences in a default
judgment context.

In order to do justice, a trial court has broad discretion to
require that a plaintiff prove up even a purported prima facie
case by requiring the plaintiff to establish the facts necessary

-13-

to determine whether a valid claim exists that would support relief against the defaulting party. <u>Beltran</u>, 182 B.R. at 823 (entry of default does not automatically entitle a plaintiff to a default judgment, regardless of the general effect of the entry of a default to deem well-founded allegations as admitted); <u>Saylor</u>, 178 B.R. at 212 (trial court directed the plaintiff to submit evidence of a <u>prima facie</u> case in support of a default judgment).

The bankruptcy court stated that Cashco had merely <u>pled</u> a <u>prima facie</u> case, but had not <u>proven</u> a <u>prima facie</u> case. The court stated, in relevant part:

> THE COURT: In reviewing the evidence in this case, the evidence is somewhat contradictory. The necessary elements of the prima facia [sic] case has [sic] been pled. However, in one of the attachments which is the loan agreements, because one of the elements, of course, is that the creditor justifiably relied upon the debtor's representations, and I note that there's an interest rate of over 190 percent.
> . . . .
> I think at least the element of justifiable reliance is called into question here.
> . . . .
> [A]s to the issue of entry of judgment, . . . as I've indicated, the evidence presented to the court is capable of more than one reasonable inference.
> The plaintiff does have the burden of proof. And I would have to conclude that the plaintiff has failed to carry its burden of proof.

Tr. of Proceedings 3:21-25; 4:1-3; 4:12-14; 5:19-25, Oct. 5, 2005.

Federal Rule of Civil Procedure 55 provides a mechanism for a trial court to determine whether alleged facts have been established. Thus, a court may determine whether the plaintiff has not only pled a <u>prima facie</u> case but has also <u>established</u> its case with evidence. The rule provides:

-14-

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . .

Fed. R. Civ. P. 55(b)(2). <u>See also</u> <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

In <u>TeleVideo Sys.</u>, the Ninth Circuit approved of the trial court's decision to exceed the minimum showing required by the general rule--that "upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true," and, instead, to conduct a hearing so that the plaintiffs could "present in open court their <u>prima facie</u> case showing [their] entitlement to judgment." <u>Id.</u> at 917-18. The trial court had then heard substantial testimony and admitted documentary evidence on all of the plaintiffs' claims, before entering default judgment in their favor. <u>Id.</u> In affirming the trial court's decision, the Ninth Circuit concluded that "Rule 55 gives the court <u>considerable leeway</u> as to what it may require as a prerequisite to the entry of a default judgment." <u>Id.</u> (emphasis supplied).

Such a procedure can serve the court by establishing liability and, therefore, enables the court's order to withstand possible post-judgment motions or appeals, as in <u>TeleVideo Sys.</u>, or to focus the plaintiff on the necessity of filing an amended complaint, <u>see</u> <u>Pitts</u>, 321 F. Supp. 2d at 1358.

Because the bankruptcy court had questions concerning allegations supporting the required element of "justifiable reliance," it scheduled and noticed a hearing and invited

-15-

testimony.  Cashco appeared telephonically and elected not to present any additional evidence.

The evidence before the bankruptcy court showed contradictory facts.  The amended complaint alleged that Cashco had relied upon Debtor's representations in his credit application that he could repay the loan and was not anticipating filing for bankruptcy, yet the Note disclosed an inflated annual interest rate that exceeded 190 percent.

Factual allegations that are unsupported by, or in conflict with, the exhibits tendered are not well pled.  <u>Consol. Pretrial Proceedings</u>, 436 F. Supp. at 1285-86;  <u>Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983). Factual allegations that are not well pled cannot support a claim. For that reason, the bankruptcy court determined that Cashco had not met its burden of proof.  If Cashco did not meet its burden of proof, it could not have proven a <u>prima facie</u> case.[9]  The bankruptcy court entered a formal judgment in favor of Debtor and against Cashco.  We hold that the bankruptcy court did not abuse its discretion in refusing to enter default judgment in favor of Cashco, because it properly determined that Cashco did not prove its <u>prima facie</u> case.

We also reject Cashco's contention that the bankruptcy court improperly weighed the evidence and made unfavorable factual inferences before denying the default judgment.

---

[9]  In the event that the bankruptcy court made what seemed to Cashco to be an inconsistent oral ruling concerning Cashco's <u>prima facie</u> case, its formal judgment took precedence.  It is settled that to the extent a trial court's oral decision is inconsistent with a formal written order, the formal order controls.  <u>White v. Wash. Pub. Power Supply Sys.</u>, 692 F.2d 1286, 1289 n.1 (9th Cir. 1982); <u>Hong v. United States</u>, 363 F.2d 116, 120 (9th Cir. 1966); 11 Fed. Prac. & Proc. Civ. 2d § 2785 (a judgment is rendered only when it is set forth in writing, not when it is orally pronounced in court).

-16-

The bankruptcy court's consideration of the evidence, in order to establish the "truth of any averment" under Fed. R. Civ. P. 55, necessarily included its review of evidence on the element of reasonable reliance under § 523(a)(2)(B). "Reasonable" reliance, while not defined by the Code, entails a "prudent person" test, see Field v. Mans, 516 U.S. at 69-71, 77, and "is a term courts can apply without additional help." Candland, 90 F.3d at 1471. It is judged in light of the totality of the circumstances on a case-by-case basis. See 4 Collier on Bankruptcy ¶ 523.08[2][d], at 523-49 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2006).

In its amended complaint, Cashco alleged that Debtor represented that he was not contemplating filing bankruptcy and that it relied on such representation in loaning the money to him.

However, the credit application, which allegedly contained that representation, was not made part of the excerpts of record. It is Cashco's burden to provide the necessary record for our review of factual findings. Massoud v. Ernie Goldberger & Co. (In re Massoud), 248 B.R. 160, 163 (9th Cir. BAP 2000).

Even if the credit application was part of the record, Cashco's allegation regarding reliance contradicted the Note, which disclosed that the finance charge was 190.37 percent per annum. The bankruptcy court determined that such an excessive interest rate could only mean that Cashco had calculated into the transaction a high risk of default.[10] As such, it could reasonably

---

[10] The bankruptcy court thus implicitly took judicial notice of ordinary interest rates for loans, which, indisputably, would be significantly less. Bankruptcy courts can incorporate this type of knowledge into their analysis. See, e.g. Farm Credit Bank of Spokane v. Fowler (In re Fowler), 903 F.2d 694, 697 (9th Cir. 1990); United States v. Camino Real Landscape Maint. Contr'rs, Inc. (In re Camino Real Landscape Maint. Contr'rs, Inc.), 818 F.2d 1503, 1507-08 (9th Cir. 1987). Moreover, Cashco neither made an
(continued...)

infer that Cashco was <u>not</u> relying on Debtor's representation that he was not contemplating bankruptcy, <u>e.g.</u>, because he was solvent and could pay his debts.

We agree that the evidence was conflicting. It is apparent that by containing an inflated, default-like, "eye-popping" interest rate,[11] Cashco's loan evidence created an inference that Cashco well knew of "red flags" in the Debtor's financial history. <u>Cf.</u> <u>Anastas v. Am. Savs. Bank (In re Anastas)</u>, 94 F.3d 1280, 1286 (9th Cir. 1996) ("[T]he credit card issuer justifiably relies on a representation of intent to repay as long as the account is not in default and any initial investigations into a credit report do not raise red flags that would make reliance unjustifiable.").

In this type of installment loan transaction, Cashco was required to present direct proof of its reasonable reliance on Debtor's alleged misrepresentations by a preponderance of the evidence. At the very least, it should have introduced witness testimony concerning its reliance that might have explained its position.

When Cashco elected to appear telephonically at the prove-up hearing, where it merely requested entry of a default judgment and was unprepared to present evidence to support the relief it sought, the bankruptcy court did not err in determining that it could not enter default judgment on the amended complaint without more proof.

We conclude that the bankruptcy court did not abuse its discretion in denying default judgment when it determined that

---

[10](...continued)
evidentiary objection nor challenged this finding.

[11] Compare the 190.37 percent interest rate, here, to <u>Till v. SCS Credit Corp.</u>, 541 U.S. 465, 480-81 (2004), where the Supreme Court rejected a cramdown approach which yielded an "eye-popping" interest rate of 21 percent.

Cashco had not carried the burden of proof for its <u>prima facie</u> claim in regards to the issue of reasonable reliance.  <u>Doe v. Qi</u>, 349 F. Supp. 2d 1258, 1272-73 (N.D. Cal. 2004) (citing <u>Eitel</u>, 782 F.2d at 1472).

## <u>CONCLUSION</u>

A bankruptcy court has broad discretion to conduct a default prove-up hearing in order to satisfy itself of the truth of the allegations in a complaint.  The trial court's "broad discretion" over entry of default judgment includes the discretion to require the plaintiff to prove its case with competent, admissible evidence, to assess matters in accordance with substantial justice, and to make reasonable inferences against the plaintiff.

The bankruptcy court was not persuaded that Cashco satisfied any theory of § 523(a)(2) reliance in the face of the 190.37 percent annual interest rate that it charged.  We cannot say that it made a mistake in this respect.  Hence, there was no error in the denial of the motion for default judgment.

**AFFIRMED.**

-19-